# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORI KESLER, on behalf of herself and all others similarly situated<br><br>Plaintiffs,<br><br>vs.<br><br>IKEA U.S., INC. and IKEA U.S. WEST, INC.<br><br>Defendants. | Case No.: C 07 0714 CW<br><br>**STIPULATION TO TRANSFER THIS ACTION TO THE CENTRAL DISTRICT OF CALIFORNIA FOR THE CONVENIENCE OF THE PARTIES AND WITNESSES [28 U.S.C. § 1404(a)]; [PROPOSED] ORDER** |

Come now plaintiff Cori Kesler and defendants IKEA U.S., Inc. and IKEA U.S. WEST, Inc., who agree and stipulate as follows:

WHEREAS, another action is pending in the Central District of California that seeks to establish a national class action of IKEA customers who allege that they received cash register receipts that do not comply with 15 U.S.C. section 1681c(g), so the parties in this action desire to transfer this action to the Central District for the convenience of the parties and the witnesses; and

WHEREAS, an action was filed in the Central District of California on December 26, 2006, entitled <u>Saeed Eskandari v. IKEA U.S., Inc.</u>, Case Number SA CV 06-1248 JVS (RNBx), assigned to the Honorable James Selna; and

1    WHEREAS, the plaintiff in the Eskandari action alleges that he received a receipt
2    from IKEA that does not comply with 15 U.S.C. section 1681c(g); and

3    WHEREAS, the plaintiff in the Eskandari action seeks to represent a national
4    class of IKEA customers similarly situated; and

5    WHEREAS, the plaintiff in this action alleges that she received a receipt from
6    IKEA that does not comply with 15 U.S.C. section 1681c(g); and

7    WHEREAS, the plaintiff in this action seeks to represent a national class of IKEA
8    customers similarly situated; and

9    WHEREAS the parties in this action agree that it would be more convenient for,
10   and would preserve the resources of the parties, the witnesses and the Court to litigate
11   this action and the Eskandari action together, and litigating the matters together would
12   eliminate any risk of inconsistent outcomes; and

13   WHEREAS, the parties in this action agree that the statute providing for a private
14   right of action, 15 U.S.C. section 1681n, does not provide for injunctive relief, as
15   requested in the complaint in this action,

16

17   NOW, THEREFORE, plaintiff and defendants stipulate, and request this Court
18   to order as follows:

19      1.    This action be transferred to the Central District of California, so that it can
20   be joined with the Eskandari action; and

21      2.    Paragraph 45 of the allegations in the complaint in this action, and
22   Paragraph 6 of the prayer in the complaint in this action, which both address injunctive
23   relief, be stricken from the complaint; and

24   ///
25   ///
26   ///
27   ///
28   ///

G:\docsdata\JML\Kesler\Stip.to.transfer.wpd

**STIPULATION TO TRANSFER**

3.    Defendants will file an answer to the complaint in this matter within five days of notice from the District Court for the Central District of California that the matter has been accepted and assigned to a judge of that district.

Dated: March _30_, 2007

MANNING & MARDER
KASS, ELLROD, RAMIREZ LLP

By: _____

JEFFREY M. LENKOV
DAVID J. WILSON
Attorneys for Defendants
IKEA U.S., Inc. and IKEA U.S. WEST, Inc.

Dated: March _30_, 2007

KELLER GROVER LLP

By: _____

ERIC A. GROVER
JADE BUTMAN
ELIZABETH A. ACEVEDO
Attorneys for Plaintiff
CORI KESLER

## [PROPOSED] ORDER

Based on the stipulation of the parties, and good cause appearing,

IT IS HEREBY ORDERED THAT:

1.    This action is transferred to the Central District of California, so that it can be joined with the Eskandari action; and

2.    Paragraph 45 of the allegations in the complaint in this action, and Paragraph 6 of the prayer in the complaint in this action, which both address injunctive relief, are stricken from the complaint; and

///

///

-3-

G:\docs\data\JML-Kesler\Stip.to.transfer.wpd

STIPULATION TO TRANSFER

1        3.    Defendants will file an answer to the complaint in this matter within five

2    days of notice from the District Court for the Central District of California that the

3    matter has been accepted and assigned to a judge of that district.

4        IT IS SO ORDERED.

5            4/9/07

6    Dated: _____

7

8    _____

9            Judge, District Court

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-

**STIPULATION TO TRANSFER**

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 801 South Figueroa Street, 15th Floor, Los Angeles, California 90017.

On April 2, 2007, I served the document described as **STIPULATION TO TRANSFER THIS ACTION TO THE CENTRAL DISTRICT OF CALIFORNIA FOR THE CONVENIENCE OF THE PARTIES AND WITNESSES [28 U.S.C. § 1404(a)]; [PROPOSED] ORDER** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

SEE ATTACHED

☒  **(BY MAIL)** I caused such envelope to be deposited in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.

I placed such envelope with postage thereon prepaid in the United States mail at Los Angeles, California.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐  **(BY OVERNIGHT COURIER)**: I placed the above-referenced document(s) in an envelope for collection and delivery on this date in accordance with standard overnight delivery procedures.

☐  **(BY FACSIMILE)** I telecopied such document to the offices of the addressee at the following fax number:  .

☐  **(BY PERSONAL SERVICE)**  I delivered such envelope by hand to the offices of the addressee.

☐  **(STATE)**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒  **(FEDERAL)**  I declare under penalty of perjury under the laws of the United States of America, that the above is true and correct.

Executed on April 2, 2007 at Los Angeles, California.

GLORIA SALATA

G:\docsdata\JML\Kesler\Stip.to.transfer.wpd

**STIPULATION TO TRANSFER**

1              <u>MAILING LIST</u>

2

3    Eric A. Grover, Esq.
     Jade Butman, Esq.
4    Elizabeth A. Acevedo, Esq.
     KELLER GROVER LLP
5    425 Second Street, Suite 500
     San Francisco, CA  94107
6    (415) 543-1305
     (415) 543-7681 (Fax)
7    *Attorneys for Plaintiff, Cori Kesler*

8
     Mark R. Thierman, Esq.
9    THIERMAN LAW FIRM
     7287 Lakeside Drive
10   Reno, Nevada  89511
     (775) 284-1500
11   *Attorneys for Plaintiff, Cori Kesler*

12

13   Scott A. Miller, Esq.
     LAW OFFICES OF SCOTT A. MILLER, A.P.C.
14   16133 Ventura Blvd, Suite 1200
     Encino, CA  91436
15   (818) 788-8081
     *Attorneys for Plaintiff, Cori Kesler*
16

17
     Steven L. Miller, Esq.
18   STEVEN L. MILLER, A PROFESSIONAL LAW CORPORATION
     16133 Ventura Blvd, Suite 1200
19   Encino, CA  91436
     (818) 986-8900
20   *Attorneys for Plaintiff, Cori Kesler*

21

22

23

24

25

26

27

28

                              -6-
                    **STIPULATION TO TRANSFER**